```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 09-20132-Civ-Gold
                                      (06-20679-Cr-Gold)
                              MAGISTRATE JUDGE P. A. WHITE

STANFORD GREEN,           :

        Movant,           :

v.                        :        REPORT OF
                                   MAGISTRATE JUDGE

UNITED STATES OF AMERICA  :

        Respondent.       :
_____
```

## Introduction

On June 15, 2009, Stanford Green, currently detained at the Hernando County Detention Center in Brooksville, Florida, filed an emergency motion for a stay of deportation. (Cv-DE#15).

Telephonic inquiry of the Hernando County Detention Center reveals that the movant remains at said facility. However, at the time of the inquiry they were unable to provide any information regarding his deportation status.

## Procedural History

A brief procedural synopsis of the movant's civil proceeding is beneficial. On January 15, 2009, the movant timely filed a motion to vacate pursuant to 28 U.S.C. §2255, attacking his conviction and sentence for making or aiding and abetting a false statement in connection with the acquisition of a firearm and possession of a firearm by a convicted felon, entered following a guilty plea in case no. 06-20679-Cr-Gold, raising 14 claims of ineffective assistance of counsel. (Cv-DE#1). Thereafter on March

16, 2009, the government filed its reply thereto refuting the movant's claims. (Cv-DE#10). Subsequently, the movant filed a reply thereto. (Cv-DE#11). The government then filed a supplemental response to the movant's initial motion to vacate (Cv-DE#12) and the movant thereafter filed a reply thereto. (Cv-DE#13). On June 8, 2009, the undersigned filed a report and recommendation denying the movant's motion to vacate (Cv-DE#14), which has yet been decided by the District Court, as the time for filing objections has not elapsed. In the interim, the movant filed his Petition for Emergency Stay of Deportation, which states:

> COME NOW, the Petitioner, Stanford Green, Pro Se, and petition this court pursuant to federal Rules and Procedure, with proper notice and respectfully ask the court to issue a stay of deportation, base on the fact that the petitioner is under a final order of removal. In addition, the 90 days time limitation to remove the petitioner from the United States is about to expire on the [sic] June 24, 2009. Petitioner could be removed from the United States at any time. Therefore, a stay of deportation is the proper remedy for temporary resolution in this matter.
>
> WHEREFORE, the petitioner respectfully ask the court to issue an order to Department of Homeland Security, allowing petitioner a stay from deportation until there is a ruling from the courts in the above matter.

(Cv-DE#15). The movant's petition was thereafter referred to the undersigned to take all necessary and proper action as required by law. (Cv-DE#16).

## Analysis

First, the movant's motion is devoid of any facts to suggest that he has challenged the order of deportation through appropriate administrative channels; whether he applied for a discretionary stay of deportation and whether said request was denied. Notwithstanding, even if the movant had made such a showing, he has failed to provide any authority to suggest that this court has

jurisdiction to review his motion.

Moreover, the United States Supreme Court has held that 8 U.S.C. §1252(g) precludes judicial review of the Attorney General's discretionary decision to execute a removal order. <u>Reno v. American-Arab Anti-Discrimination Comm.</u>, 525 U.S. 471 (1999). Section 1252(g) reads:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of an alien arising from decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. §1252(g). Accordingly, a petition for stay of deportation constitutes a request for review of a decision to execute a removal order. Thus, the movant's request is barred under 8 U.S.C. §1252(g). <u>See</u> <u>Reno</u>, 525 U.S. 471 (1999); <u>see also</u> <u>Fedorca v. Perryman</u>, 197 F.3d 236 (7th Cir. 1999).

To the extent the it is determined that the District Court has jurisdiction to entertain the movant's petition, it must nonetheless be denied as the movant has failed to show that a stay is necessary. <u>Concepcion v. Reno</u>, 2001 WL 893357 (S.D.N.Y. 2001); <u>see also</u> <u>Diallo v. U.S. Immigration and Customs Enforcement</u>, 2007 WL 2874969 (W.D.Wash. 2007). First, the movant fails to show that he will suffer irreparable injury absent a stay. <u>Id.</u> Moreover, he fails to demonstrate a substantial possibility of success on the merits of his motion to vacate. <u>Id.</u>

Conclusion

It is therefore recommended that the petition for emergency stay of deportation be denied.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Signed this 26th day of June, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Stanford Green, Pro Se
      No. A 78-399-573
      Hernando County Detention Center
      16425 Spring Hill Drive
      Brooksville, FL 34604

      Anne Ruth Schultz, AUSA
      United States Attorney's Office
      99 NE 4th Street
      Miami, FL 33132

      Todd William Mestepey, AUSA
      United States Attorney's Office
      99 NE 4th Street
      Miami, FL 33132